{¶ 26} Custody decisions are never easy, and changes in custody are even more difficult. In order for a court to change its prior orders, it must, by definition, decide that the earlier order was either wrong or no longer appropriate for a change in circumstances. Due to the potential harm to be caused by repeated changes in the fundamental living arrangements of a child, this court is reluctant to second-guess the wisdom of the trial court absent an abuse of discretion. Unfortunately such an abuse is present in this matter.
 {¶ 27} It is clear that a family investigation was completed for the trial court on August 31, 2001, and that the court used its recommendation as the basis for its order of September 11, 2001. In that order, the court named the appellee father as the residential parent for educational purposes. That order was never appealed, and, therefore, is the law of the case in this matter. Simply stated, the trial court's designation of the father as the residential parent for educational purposes is not before us, and as the majority correctly states, we will not review that finding at this time.
 {¶ 28} It is equally clear, however, that by filing a new motion, the appellee father represented to the court that the appellant mother was not complying with the court's order. It would have been wholly proper for the trial court to schedule a hearing to address those allegations. However, that is not what the court did. Rather, based solely on the allegations of one party, the trial court summarily changed custody of the child. That is an abuse of discretion.